NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNN SMITH,<br><br>            Appellant,<br><br>v.<br><br>MANASQUAN BANK,<br><br>            Appellee. | Civ. No. 18-14953<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Appeal by Lynn Z. Smith ("Appellant") of an Order entered by the United States Bankruptcy Court for the District of New Jersey on October 3, 2018 that denied a Motion to Compel Discovery.[1] (U.S.B.C. Docket No. 17-34862, ECF No. 292.) Creditor New Jersey Bureau of Securities (the "Bureau") opposes. (ECF No. 15.) The Court has decided this matter upon the parties' written submissions and without oral argument. For the reasons set forth below, Appellant's Appeal is denied.

## BACKGROUND

Appellant is the debtor in an ongoing bankruptcy proceeding. The Bureau has a $809,237 claim against Appellant, based on a final judgment entered against her in New Jersey state court in 2009. (*See* Bureau Br. at 3, ECF No. 15.) Appellant challenges the validity of this claim. (Mot.

---

[1] The proper title of this Motion is the subject of some dispute. The Motion document is titled "Emergent Motion for State of New Jersey to Show Cause," but the Motion is labeled on the Bankruptcy Court docket as "Emergent Motion to Compel Discovery." Appellant has argued strenuously in another appeal that the Motion was mislabeled. (Reply at 2, Docket No. 18-14955, ECF No. 15.) The Court will not delve into the name dispute but will instead focus on the Motion's substance.

1

at 2, U.S.B.C. Docket No. 17-34862, ECF No. 219.) On August 8, 2018, Appellant filed a Motion asking the Bankruptcy Court to order the Bureau "to list all the facts that their $800,000 [*sic*] fine was based on." (*Id.*) The Bankruptcy Court denied the Motion on October 3, 2018. (U.S.B.C. Docket No. 17-34862, ECF No. 292.)

On October 15, 2018, Appellant filed the present Appeal challenging the Bankruptcy Court's Order. Appellant filed her Brief on January 22, 2019. (ECF No. 12.) The Bureau filed an opposing Brief on February 21, 2019. (ECF No. 15.)[2] No reply brief was filed. (*See* Letter Order, ECF No. 16 (setting the reply deadline for March 18, 2019).) The Appeal is presently before the Court.

## **DISCUSSION**

This Court lacks jurisdiction to hear this interlocutory Appeal, so the Appeal is dismissed. 28 U.S.C. § 158(a) grants district courts jurisdiction to hear appeals "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued [modifying the time periods to submit a plan of reorganization, 11 U.S.C. § 1121]; and (3) with leave of the court, from other interlocutory orders and decrees." The Bankruptcy Court Order on appeal here denied Appellant's request to require a creditor to submit additional information. (*See* Mot. at 2.) The Order thus concerned discovery, defined as "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation." *Discovery*, Black's Law Dictionary (10th ed. 2014).

Discovery orders are not "final judgments, orders, and decrees" under 28 U.S.C. § 158(a)(1). *Cf. Henry v. St. Croix Alumina, LLC*, 416 F. App'x 204, 208 (3d Cir. 2011) (stating that "[d]iscovery orders are not final decisions within the meaning of 28 U.S.C. § 1291" (quoting *Adapt of Phila. v. Phila. Hous. Auth.*, 433 F.3d 353, 360 (3d Cir. 2006))).

---

[2] Appellee Manasquan Bank also filed a brief claiming that the present Appeal does not concern it. (ECF No. 14.)

While an interlocutory appeal may be heard "with leave of the court" under § 158(a)(3), the Court will not grant leave in this case. Following the reasoning of 28 U.S.C. § 1292(b)—the statute addressing interlocutory appeals before a circuit court, *see* Hon. William L. Norton, Jr. et al., Norton Bankruptcy Law & Practice § 170:14 (3d ed., Oct. 2018 update) (stating that § 1292(b) provides guidance for bankruptcy cases)—an interlocutory appeal may be heard when "[the underlying] order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Those circumstances do not exist here. In particular, hearing this interlocutory order will not materially advance the ultimate termination of the litigation: Even if the Court were to hear the Appeal, and even if the Court were to require the Bureau to provide the discovery sought, the Bankruptcy Court still could not vacate the $809,237 final judgment because this Court and the Third Circuit have already held that it lacks the power to do so. *Smith v. Manasquan Bank*, 2018 U.S. Dist. LEXIS 135395, at *9–10 (D.N.J. Aug. 9, 2018), *aff'd In re Smith*, 2018 U.S. App. LEXIS 35285, at *7 n.7 (3d Cir. Dec. 17, 2018).[3] In sum, no provision of 28 U.S.C. § 158(a) provides the Court jurisdiction to hear this Appeal.

## **CONCLUSION**

For the foregoing reasons, Appellant's Appeal is denied. An appropriate Order will follow.

Date:   3/26/19                                          */s/ Anne E. Thompson*
                                                                    ANNE E. THOMPSON, U.S.D.J.

---

[3] The Bureau interprets the underlying Motion not as one seeking to compel discovery but as one challenging the final judgment and claim. (*See* Bureau Br. at 1.) Taking the Bureau's view, the Court could have jurisdiction over the Appeal but would then reiterate its previous holding that the Bankruptcy Court cannot invalidate a final judgment. The result would be effectively the same.